**John Patrick Dolan CA Bar #79969**
**Dolan Law Offices**
45-290 Fargo Street
Indio, CA 92201
Telephone: 760-775-3739
Facsimile: 760-347-9413
Attorney for Defendant
**JOHN DAVID YODER**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN DAVID YODER,<br><br>Defendant. | Case No.: 2:13-cr-00368-JAD-VCF<br><br>**NOTICE OF MOTION AND MOTION IN LIMINE TO EXCLUDE PRIOR CONVICTIONS POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: April 11, 2017<br>Time: 9:00A.M.<br>Dept.: 6D |

TO THE ABOVE-ENTITLED COURT AND DANIEL G. BOGDEN, UNITED STATES ATTORNEY, DISTRICT OF NEVADA AND/OR HIS REPRESENTATIVE:

PLEASE TAKE NOTICE: that on April 11, 2017, in Department 6D. JOHN DAVID YODER, by and through his counsel of record, JOHN PATRICK DOLAN will move for an order that any use of prior convictions be excluded in the above-captioned action.

This motion will be made on the grounds that the Federal Rules of Evidence, Rule 609(a)(1)(B) allows exclusion of prior convictions when the prejudicial effect of the evidence outweighs its probative value.

///

-1-

1   The motion will be based on this Notice of Motion, the attached Memorandum of Points

2   and Authorities served and filed herewith, and on such oral and documentary evidence as may

3   be presented at the hearing of the motion.

4   DATED:  March 9, 2017                                   Respectfully submitted,

5
6                                                           Dolan Law Offices

7
8                                                           **JOHN PATRICK DOLAN**
9                                                           Attorney for Defendant
                                                            **JOHN DAVID YODER**
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

-2-

### STATEMENT OF FACTS

On February 17, 2016, John David Yoder was convicted in a California Superior Court, County of Riverside, of four counts of PC288(A), Lewd Acts with a Child Under Fourteen, two counts of PC266J, Procurement of a Child for Lewd and Lascivious Acts, two counts of PC236.1(C), Human Trafficking of a Person Under Eighteen Years of Age, one count of PC32, Accessory Aiding Principal to Escape Arrest and one count of PC182(A)(1), Conspiracy. Mr. Yoder was transported by United States Marshals from Wasco State Prison to Las Vegas, Nevada and was arraigned on charges stemming from a federal indictment issued on February 11, 2015 charging Mr. Yoder with 18 U.S.C §2252A(g), Child Exploitation Enterprise, 18 U.S.C. §2252A(a)(3)(B), Conspiracy to Produce Child Pornography and 18 U.S.C. §2252A(a)(3) and (b)(1), Conspiracy to Distribute Child Pornography. In preparation for trial on these federal charges, defense counsel moves to exclude evidence of Mr. Yoder's state convictions.


### MEMORANDUM OF POINTS AND AUTHORITIES

Defendant submits the following points and authorities in support of the motion in limine to exclude the prior convictions:

### I.

### PROCEDURAL HISTORY

Mr. Yoder has no prior convictions for any offense other than the 2016 state convictions arising under the same set of facts at issue here in the federal matter.

//

//

//

-3-

## II.

## A PRIOR CONVICTION NOT INVOLVING DISHONESTY IS INADMISSIBLE

## AGAINST A CRIMINAL DEFENDANT UNLESS THE PROBATIVE VALUE

## OUTWEIGHS THE PREJUDICIAL EFFECT

Under the Federal Rules, a prior conviction is admissible for impeachment in two circumstances:

1) The prior conviction is punishable by death or greater than one year in prison and probative value outweighs prejudice; or

2) The prior conviction involved dishonesty or false statement

Rule 609(a) provides:

(a) The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:

(1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:

(A) must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant; and

(B) must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant; and

(2) for any crime, regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving--or the witness's admitting--a dishonest act or false statement.

…(e) Pendency of an Appeal. A conviction that satisfies this rule is admissible even if an appeal is pending. Evidence of the pendency is also admissible. (Fed. Rule Evid. 609)

1    This rule provides that evidence of "any crime regardless of the punishment ... must be

2    admitted if the court can readily determine that establishing the elements of the crime required

3    proving—or the witness's admitting—a dishonest act or false statement." (*United States v. Little*,

4    2012 U.S. Dist. LEXIS 90812 (N.D. Cal. June 18, 2012) 2012 U.S. Dist. LEXIS 90812; Fed. R.

5    Evid. 609(a)(2).)  Where a conviction is admissible under *this* provision, "the trial court has no

6    discretion to weigh its prejudicial effect," (*Dean v. Trans World Airlines*, 924 F.2d 805, 811-12

7    (9th Cir. 1991), *unless* the conviction is more than ten years old. (Id.; Fed. R. Evid. 609(b).)

8

9    *United States v. Kimmell*, 2015 U.S. Dist. LEXIS 151763 (D. Nev. Nov. 9, 2015) states

10   that:

11

12   As to relevance, impeachment by prior conviction is not offered to prove a defendant

13   committed the crimes currently charged. Rather, impeachment by prior conviction is

14   offered to prove that a witness is not credible. Rule 609 essentially creates a conclusive

15   presumption that a witness's prior conviction of the kinds of crimes enumerated therein

16   is relevant to the witness's credibility. A defendant may not therefore invoke Rule 401 to

17   argue that his prior convictions are not relevant to his credibility.

18

19   As to unfair prejudice, Rule 609 also supersedes Rule 403 by shifting the burden and

20   imposing a higher bar to admission. Rule 609(a)(1)(B) requires the Government to show that

21   "the probative value of the evidence outweighs its prejudicial effect", whereas Rule 403 requires

22   a defendant to show that the "probative value is substantially outweighed by a danger of . . .

23   unfair prejudice," (Id.)

24

25   //

26   //

27   //

28

-5-

## III.

## THE GOVERNMENT BEARS THE BURDEN OF SHOWING THAT THE PROBATIVE VALUE OF ADMITTING THE CONVICTIONS OUTWEIGHS ITS PREJUDICIAL EFFECT BASED ON FIVE FACTORS

Courts in the Ninth Circuit consider five factors in balancing the probative evidence of a defendant's prior conviction against its prejudicial effect: "(1) the impeachment value of the prior crime; (2) the point in time of the conviction and the witness's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of defendant's testimony; and (5) the centrality of defendant's credibility." (*United States v. Hursh*, 217 F.3d 761, 768 (9th Cir. 2000) (citing United States v. Browne, 829 F.2d 760, 762-63 (9th Cir. 1987)).

"The government bears the burden of showing, based on these factors, that the proffered evidence's probative value substantially outweighs its prejudicial effect." *United States v. Alexander*, 48 F.3d 1477, 1488 (9th Cir. 1995) (citing *Browne,* 829 F.2d at 763).

In *United States v. Cook*, 608 F.2d 1175, 1185 n.8 (9th Cir. 1979) (en banc), cert. denied, 444 U.S. 1034, 62 L. Ed. 2d 670, 100 S. Ct. 706 (1980), overruled on other grounds, *Luce v. United States*, 469 U.S. 38, 83 L. Ed. 2d 443, 105 S. Ct. 460 (1984), the court outlined five factors that should be considered in balancing the probative value of a prior conviction against its prejudicial impact for purposes of Rule 609(a)(1):

(1) the impeachment value of the prior crime;

(2) the point in time of conviction and the defendant's subsequent history;

(3) the similarity between the past crime and the charged crime;

(4) the importance of the defendant's testimony; and

(5) the centrality of the defendant's credibility.

1    The government bears the burden of showing, based on these factors, that the proffered

2    evidence's probative value substantially outweighs its prejudicial effect. (Id.)

3    "[A]bsent exceptional circumstances, evidence of a prior conviction admitted for impeachment

4    purposes may not include collateral details and circumstances attendant upon the conviction.

5
6    Generally, only the prior conviction, its general nature, and punishment of felony range [are]

7    fair game for testing the defendant's credibility." (Id.) The government will be limited on cross-

8    examination to establishing the fact and date of the prior conviction, and that it was for the

9    particular type of felony. (Id.)

10                                              IV.

11
12   **TO ALLOW EVIDENCE OF A CONVICTION FOR A CRIME SIMILAR TO THE**

13   **CURRENT CHARGE CREATES A SUBSTANTIAL RISK THE JURY WILL DRAW A**

14                  **LEGALLY IMPERMISSIBLE CONCLUSION**

15          The Ninth Circuit has recognized, [t]o allow evidence of a prior conviction of the very

16   crime for which a defendant is on trial may be devastating in its potential impact on a

17
18   jury." This is because "where, as here, the prior conviction is sufficiently similar to the

19   crime charged, there is a substantial risk that all exculpatory evidence will be

20   overwhelmed by a jury's fixation on the human tendency to draw a conclusion which is

21   impermissible in law: because he did it before, he must have done it again." [Citation.]

22
23   As the government itself stresses, "the similarity between Bailey's prior armed robbery

24   and his charged conduct is striking." [Citation.]. Therefore, evidence of that robbery

25   would be extremely prejudicial.

26   (*United States v. Dorsey*, 2015 U.S. Dist. LEXIS 90147, 97 Fed. R. Evid. Serv. (Callaghan) 1360

27   (C.D. Cal. July 6, 2015) (citing *United States v. Bagley*, 772 F.2d 482 (9th Cir. Or. 1985)).)

28

1   In Mr. Yoder's matter, the prior convictions are not only *similar* to the charges at issue

2   here in the federal trial, they *arise out of the same exact set of circumstances* as those at

3   issue in the state trial. The risk of prejudicial effect is extraordinary given the strong

4   possibility that the jury will be unable to begin with "a clean slate" and uphold the

5   required presumption that the accused is innocent until proven guilty.

6

7                                                V.

8   **MR YODER HAS NO OTHER CONVICTIONS, HIS STATE CONVICTIONS IN**

9       **THIS MATTER ARE TECHNICALLY "PRIORS" BUT EFFECTIVELY**

10      **CONTEMPORANEOUS AND SHOULD NOT BE USED TO IMPEACH  BY**

11              **"BOOTSTRAPPING" THEM TO THE FEDERAL CASE**

12          Several Fifth Circuit cases have addressed the issue of prior state convictions based on

13  the same facts as pending federal case. In *United States v Martinez* (1977, CA5 Tex) 555 F2d

14  1273, the trial court convicted the defendant of violating 21 U.S.C.S. §§ 841(a)(1), 846 by

15  conspiring to distribute cocaine.  The court permitted evidence of his earlier conviction for aiding

16  and abetting, which arose out of the identical transaction for which he was on trial.   On appeal,

17  the court noted that, "While the test to be applied by the trial court necessarily involves the

18  exercise of a broad discretion, we must review the decision on appeal by the application of the

19  same test, i.e., probative value versus prejudicial effect, with an emphasis on the rights of an

20  accused to a fair trial." (*United States v Martinez* (1977, CA5 Tex) 555 F2d 1273. at p. 1276; 2

21  Fed Rules Evid Serv 369; see, also *United States v Elizondo* (2002, SD Tex) 277 F Supp 2d 691.)

22          The court held that under the circumstances of the case it was an abuse of discretion for

23  the trial court to allow defendant to be impeached with the fact of his former conviction arising

24  out of the identical factual circumstances and involving many of the identical elements as the

25  offense presently on trial.  (Id.)

The *Martinez* court explained that it is difficult to consider the prejudicial effect of any evidence in the abstract and said that the court cannot review the probative value of the prior conviction evidence separately from the issue for which the evidence is intended to persuade the jury.  Thus, the task of the court is to review and determine 1) the tendency of the prior crimes evidence to persuade the jury that defendant was not a credible person and 2) the tendency of the prior conviction evidence to persuade the jury that defendant probably committed the crime charged or its tendency to persuade the jury that defendant was simply a "bad man" and probably deserved to be in jail. (Id.)  "The rationale of the rule allowing impeachment by the use of former convictions is that unbelievability may be inferred from defendant's general readiness to do evil. Prior convictions may indicate the accused has a criminal nature and thus, has a propensity to falsify his testimony." (Id. at p. 1276)  The Court found that the prior conviction arising out of the identical transaction which was the subject matter of the present trial "fits neither mold" and so the "value of the evidence insofar as it tended to cast doubt upon the defendant's credibility was slight." (Id.)

The court concluded that, although aiding and abetting and conspiring were distinct and separate offenses, the defendant's right to have the jury determine that the government properly proved every essential element beyond a reasonable doubt was improperly prejudiced by the introduction of the conviction.

> On the issue of prejudicial effect, it was legally impermissible for the jury to base a conviction on the inference that because defendant was previously convicted of a crime, he probably committed the crime presently charged. Yet, **on this issue we can hardly conceive of a more prejudicial prior conviction.** The jury has just been told that a former fact-finder considered the identical factual

1   circumstances and concluded that defendant was criminally culpable. **The**
2   **evidence in this case bordered on directing a verdict against the accused.**
3   (Id.)
4    The court further indicated that the value of the evidence insofar as it tended to cast doubt
5   on defendant's credibility was slight because the underlying transaction represented his first
6
7   brush with the law and that he had no history of a general readiness to do evil or of a criminal
8   nature.
9   In short, defendant's credibility was attacked by the use of his present conviction.
10   **His "prior conviction" was no more indicative of his "general readiness to do**
11   **evil" or of his "criminal nature" than is the fact of conviction indicative of**
12   **credibility upon appellate reversal and retrial.** The idea that the prior
13   conviction in this case was probative on the issue of defendant's credibility is a
14   "bootstrap" argument. In the sense that **this transaction represents defendant's**
15   **first "brush with the law," he has no history of a general readiness to do evil**
16   **or of a criminal nature.** His conviction of aiding and abetting was temporally
17   "prior" but, insofar as the factual and legal setting is concerned, the former
18
19   conviction was contemporaneous. (Id. (emphasis added).)
20
21   The court concluded that "under the circumstances of this case it was an abuse of
22   discretion for the trial court to allow defendant to be impeached with the fact of his former
23   conviction arising out of the identical factual circumstances and involving many of the identical
24   elements as the offense presently on trial." The court reversed that judgment and remanded the
25   case. (Id. at 1277)
26
27
28

-10-

**VI.**

**MR. YODER HAS AN ABSOLUTE RIGHT TO TESTIFY ON HIS OWN BEHALF**

**AND ALLOWING HIS STATE CONVICTIONS TO BE INTROODUCED CHILLS HIS**

**DUE PROCESS RIGHT TO DO SO**

The defendant has rights under the United States Constitution to an impartial and unbiased jury, to due process, a fair trial, to present a defense and to have the determination based on material facts presented at trial. (People v Carter (Cal. 2005) 36 Cal. 4th 114, 1207 (citing *in re Stankewtiz* (1985) 40 Cal.3d 391, 402; *People v. Pierce* (1979) 24 Cal.3d 199, 207; and *Dyer v. Calderon* (9th Cir. 1988) 151 F.3d 970, 973, fn. 2).)

In *United States v. Farley*, 2015 U.S. Dist. LEXIS 152631 (N.D. Cal. Nov. 9, 2015) the Government asked the Court to allow the Defendant's prior convictions to be used against him as impeachment evidence *if he testifies.* In balancing the probative value of the prior conviction for impeachment purposes with its prejudicial effect, a court considers five factors: (1) the impeachment value of the prior crime; (2) the time of the conviction and the defendant's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the credibility issue. See *United States v. Hursh*, 217 F.3d 761, 768 (9th Cir. 2000).

The court found that, as an initial matter, Defendant had not indicated whether or not he was going to testify. "If Defendant does not testify, he cannot be impeached and this motion is moot. If Defendant does choose to testify, the Court cannot weigh *Hursh* factors four and five *until that testimony is offered.* Accordingly, the Government's seventh motion in limine is denied as premature. If Defendant does not testify, references to Defendant's criminal history will be limited to the stipulated facts. If Defendant does testify, however, the Court will determine the

-11-

admissibility of Defendant's criminal history as impeachment evidence if and when it is offered at trial." (*United States v. Farley*, 2015 U.S. Dist. LEXIS 152631 (N.D. Cal. Nov. 9, 2015; see, also *United States v. Johnson,* 98 Fed. R. Evid. Serv. (Callaghan) 157 (N.D. Cal. Aug. 11, 2015)

In *United States v. Cook*, 608 F.2d 1175 (9th Cir. 1979) (en banc), cert. denied, 444 U.S. 1034, 100 S. Ct. 706, 62 L. Ed. 2d 670 (1980), the Ninth Circuit held that a defendant may preserve the right to challenge a district court's ruling refusing to prohibit impeachment by the introduction of prior convictions even if the defendant does not testify. (Id. at 1183-86.) In order to preserve this issue for appellate review a defendant must "establish on the record that [he or she] will in fact take the stand and testify if the challenged prior convictions are excluded and sufficiently outline the nature of his or her testimony." (Cook, at 1186; see *United States v. Bagley*, 772 F.2d 482 (9th Cir. Or. 1985).)

If Defendant requests a limiting instruction as to evidence of his prior convictions admitted for the purposes of impeachment, he will be entitled to one. (See *United States v. Beltran,* 165 F.3d 1266, 1271-72 (9th Cir. 1999).)

Ninth Circuit model jury instruction 4.6 directs the jury to consider the prior conviction as it bears on believability and not as evidence of Defendant's guilt on the crimes at issue in the current case.

Limiting instructions and jury instructions offer some relief in the hopes that the jury will follow them explicitly. However, should Mr. Yoder decide to testify on his behalf, if the prior convictions are introduced he will likely be impeached with his state "priors", casting a shadow of guilt in the current matter highly likely to dissuade him from exercising his constitutional right.

//

//

**CONCLUSION**

Mr. Yoder has never been arrested or convicted for any crime whatsoever prior to the state trial in 2015 and 2016 relating to the same matters he is presently under indictment for in this federal matter.  To introduce evidence of his convictions in that matter will announce to the jury that another panel of fact finders just recently found him guilty based on the same set of circumstances. Extreme prejudice and denial of Mr. Yoder's constitutional due process rights will result. For these and all of the above reasons, defendant John David Yoder respectfully requests this court to exclude evidence of his prior convictions in the state trial arising under the same facts and circumstances.

DATED:  March 9, 2017

Respectfully submitted,
Dolan Law Offices

John Patrick Dolan
Attorney for Defendant
**JOHN DAVID YODER**

PROOF OF SERVICE
STATE OF NEVADA, COUNTY OF CLARK

I, Kelli Pyne McDowell, declare:

I am over the age of 18, not a party to this action, and am employed in Riverside County at 45-290 Fargo St., Indio, CA 92201.

On **March 9, 2017,** I delivered a true copy of the **MOTION TO EXCLUDE PRIOR CONVICTIONS** to the following interested parties:

**United States Attorney's Office**
**Ms. Lisa Cartier-Giroux**
**Michael Humphries**
501 Las Vegas Blvd, So., Suite 1100
Las Vegas, NV 89101

**Federal Public Defender**
**Shari L. Kaufman**
**Heidi A. Ojeda**
411 E Bonneville, Suite 250
Las Vegas, NV 89101

**William H Gamage**
**Gamage & Gamage**
5580 South Fort Apache, Ste. 110
Las Vegas, NV 89148


_____X_____ **(BY EMAIL)** I sent by EMAIL the above-referenced document on the date noted below to the appropriate EMAIL ADDRESSES.

_____ **(BY HAND)** I served a copy of the above-referenced document on the date noted below to the appropriate party.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on March 9, 2017.

Kelli Pyne McDowell