AO 245B (Rev. 09/20)   Judgment in a Criminal Case
                       Sheet 1

# UNITED STATES DISTRICT COURT

### District of Nevada

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | |
| JOHN DAVID YODER | Case Number:  2:13-cr-00368-JAD-VCF-2 |
| | USM Number:  53352-048 |
| | John Patrick Dolan, Esq. |
| | Defendant's Attorney |

## THE DEFENDANT:

☑ pleaded guilty to count(s) ___1 and 5 of the Superseding Indictment [ECF No. 14]___

☐ pleaded nolo contendere to count(s) ___
   which was accepted by the court.

☐ was found guilty on count(s) ___
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 2252A(g) | Child Exploitation Enterprise | 1/28/2015 | 1 |
| 18 U.S.C. §§ 2252A(a)(3) and (b)(1) | Conspiracy to Distribute Child Pornography | 1/28/2015 | 5 |

      The defendant is sentenced as provided in pages 2 through ___8___ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) ___

☑ Count(s) ___all remaining___   ☐ is   ☑ are dismissed on the motion of the United States.

      It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

                                          1/11/2021
                                          _____
                                          Date of Imposition of Judgment

                                          _____
                                          Signature of Judge

                                          Jennifer A. Dorsey, U.S. District Judge
                                          _____
                                          Name and Title of Judge

                                          1/21/2021
                                          _____
                                          Date

AO 245B (Rev. 09/20) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page ___2___ of ___8___

DEFENDANT:   JOHN DAVID YODER
CASE NUMBER:   2:13-cr-00368-JAD-VCF-2

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:
240 MONTHS, per count, concurrent; concurrent to case no. RIF1501674.

☑   The court makes the following recommendations to the Bureau of Prisons:
The court strongly recommends that the Bureau of Prison accept any request from the California Department of Corrections (CDC) to allow the defendant to serve his federal and state concurrent sentences in a Bureau of Prisons facility. It is further recommended that if the Bureau accepts the CDC's request, that defendant be designated to serve his sentences at FCI Englewood, Colorado , or if FCI Englewood is unavailable, then FCI Seagoville, Texas. The Court makes this recommendation because both facilities have Sex Offender Management Programs which the Court recommends he be placed in.

☑   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

☐   at _____  ☐ a.m.  ☐ p.m.  on  _____ .

☐   as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐   before 2 p.m. on _____ .

☐   as notified by the United States Marshal.

☐   as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/20)    Judgment in a Criminal Case
                        Sheet 3 — Supervised Release

Judgment—Page   3   of   8  

DEFENDANT:  JOHN DAVID YODER
CASE NUMBER:  2:13-cr-00368-JAD-VCF-2

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

LIFE

and must comply with the following standard conditions, mandatory conditions, and special conditions:

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.  You must answer truthfully the questions asked by your probation officer.
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the specific risks posed by your criminal record and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the specific risks posed by your criminal record.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

AO 245B (Rev. 09/20)   Judgment in a Criminal Case
Sheet 3A — Supervised Release

---

DEFENDANT:  JOHN DAVID YODER
CASE NUMBER:  2:13-cr-00368-JAD-VCF-2

Judgment—Page  4  of  8

## MANDATORY CONDITIONS OF SUPERVISION

1.  You must not commit another federal, state or local crime.
2.  You must not unlawfully possess a controlled substance.
3.  You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 tests annually.

☑  The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*

4.  You must cooperate in the collection of DNA as directed by the probation officer.

5.  You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution.

6.  You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's
Signature  _____

Date

_____

AO 245B (Rev. 09/20)   Judgment in a Criminal Case
Sheet 3C — Supervised Release

Judgment—Page   5   of   8

DEFENDANT:   JOHN DAVID YODER
CASE NUMBER:   2:13-cr-00368-JAD-VCF-2

# SPECIAL CONDITIONS OF SUPERVISION

1. Alcohol Abuse Treatment – You must participate in an outpatient alcohol abuse treatment program and follow the rules and regulations of that program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.).

2. Alcohol Testing – You must submit to substance abuse testing to determine if you have used a prohibited substance. Testing shall not exceed 104 tests per year. You must not attempt to obstruct or tamper with the testing methods.

3. No Alcohol – You must not use or possess alcohol.

4. Mental Health Treatment – You must participate in a mental health treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program (provider, location, modality, duration, intensity, etc.).

5. Access to Financial Information – You must provide the probation officer access to any requested financial information and authorize the release of any financial information. The probation office will share financial information with the U.S. Attorney's Office.

6. Debt Obligations – You must not incur new credit charges, or open additional lines of credit without the approval of the probation officer.

7. Minor Prohibition – You must not have direct contact with any child you know or reasonably should know to be under the age of 18, including your own children, without the permission of the probation officer. If you do have any direct contact with any child you know or reasonably should know to be under the age of 18, including your own children, without the permission of the probation officer, you must report this contact to the probation officer within 24 hours. Direct contact includes written communication, in-person communication, or physical contact. Direct contact does not include incidental contact during ordinary daily activities in public places.

8. Place Restriction – Children Under 18 – You must not go to, or remain at, any place primarily used by children under the age of 18, unless you have the express prior permission of your Probation Officer. Examples of such prohibited places include parks, schools, playgrounds, and childcare facilities.

9. Search and Seizure – You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition.

The probation officer may conduct a search under this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

10. No Pornography - You must not view or possess any "visual depiction" (as defined in 18 U.S.C. § 2256(5)), or any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of "sexually explicit conduct" (as defined by 18 U.S.C. § 2256(2)) involving children , or "actual sexually explicit conduct" (as defined by 18 U.S.C. § 2257(h)(1)) involving adults, that would compromise your sex offense-specific treatment. These restrictions do not apply to materials necessary to, and used for, any future appeals, or materials prepared or used for the purposes of sex-offender treatment.

AO 245B (Rev. 09/20)    Judgment in a Criminal Case
Sheet 3D — Supervised Release

Judgment—Page ___6___ of ___8___

DEFENDANT:  JOHN DAVID YODER
CASE NUMBER:  2:13-cr-00368-JAD-VCF-2

## SPECIAL CONDITIONS OF SUPERVISION

11. Sex Offender Treatment – You must participate in a sex offense-specific treatment program, and follow the rules and regulations of that program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.).

12. Polygraph Testing – You must submit to periodic polygraph testing at the discretion of the probation officer as a means to ensure that you are in compliance with the requirements of your supervision or treatment program.

13. Computer Monitoring – You must allow the probation officer to install computer monitoring software on any computer (as defined in 18 U.S.C. § 1030(e)(1)) you use.

14. Computer Search – You must submit your computers (as defined in 18 U.S.C. § 1030(e)(1)) or other electronic communications or data storage devices or media, to a search. You must warn any other people who use these computers or devices capable of accessing the Internet that the devices may be subject to searches pursuant to this condition. A probation officer may conduct a search pursuant to this condition only when reasonable suspicion exists that there is a violation of a condition of supervision and that the computer or device contains evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

15. Computer Search – Monitoring Software – To ensure compliance with the computer monitoring condition, you must allow the probation officer to conduct periodic, unannounced searches of any computers (as defined in 18 U.S.C. § 1030 (e)(1)) subject to computer monitoring. These searches shall be conducted for the purposes of determining whether the computer contains any prohibited data prior to installation of the monitoring software; to determine whether the monitoring software is functioning effectively after its installation; and to determine whether there have been attempts to circumvent the monitoring software after its installation. You must warn any other people who use these computers that the computers may be subject to searches pursuant to this condition.

AO 245B (Rev. 09/20)    Judgment in a Criminal Case
           Sheet 5 — Criminal Monetary Penalties

Judgment — Page   7   of   8  

DEFENDANT: JOHN DAVID YODER
CASE NUMBER: 2:13-cr-00368-JAD-VCF-2

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $ 200.00 | $ 5,000.00 | $ | $ | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Restitution List attached | | | |
| **TOTALS** | $     0.00 | $     0.00 | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☑ the interest requirement is waived for the   ☐ fine   ☑ restitution.

    ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 09/20)   Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page __8__ of __8__

DEFENDANT:  JOHN DAVID YODER
CASE NUMBER:  2:13-cr-00368-JAD-VCF-2

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☑ Lump sum payment of $ __5,200.00__ due immediately, balance due

     ☐ not later than _____ , or
     ☑ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
_____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
_____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a
term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from
imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☑ Special instructions regarding the payment of criminal monetary penalties:
Any unpaid balance must be paid at a monthly rate of not less than 10% of any income earned during
incarceration and/or gross income while on supervision, subject to adjustment by the Court based upon ability to
pay.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during
the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate
Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number
Defendant and Co-Defendant Names
*(including defendant number)* | Total Amount | Joint and Several
Amount | Corresponding Payee,
if appropriate |
|---|---|---|---|
| | | | |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:
Final Order of Forfeiture attached.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment,
(5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of
prosecution and court costs.

**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:13-CR-368-JAD-VCF |
| Plaintiff, | **Final Order of Forfeiture** |
| v. | |
| DAVID YODER, | |
| Defendant. | |

The United States District Court for the District of Nevada entered a Preliminary Order of Forfeiture pursuant to Fed. R. Crim. P. 32.2(b)(1) and (2) and 18 U.S.C. § 2253(a)(1) and 2253(a)(3) based upon the plea of guilty by David Yoder to the criminal offenses, forfeiting the property set forth in the Plea Agreement, the Bill of Particulars, and the Forfeiture Allegations of the Superseding Criminal Indictment and shown by the United States to have the requisite nexus to the offenses to which David Yoder pled guilty. Superseding Criminal Indictment, ECF No. 14; Bill of Particulars, ECF No. 34; Change of Plea, ECF No. 171; Preliminary Order of Forfeiture, ECF No. 172; Plea Agreement, ECF No. 173.

This Court finds that the United States may amend this order at any time to add subsequently located property or substitute property to the forfeiture order pursuant to Fed. R. Crim. P. 32.2(b)(2)(C) and 32.2(e).

This Court finds the United States published the notice of forfeiture in accordance with the law via the official government internet forfeiture site, www.forfeiture.gov, consecutively from November 21, 2019, through December 20, 2019, notifying all potential third parties of their right to petition the Court. Notice of Filing Proof of Publication, ECF No. 187.

This Court finds no petition was filed herein by or on behalf of any person or entity and the time for filing such petitions and claims has expired.

This Court finds no petitions are pending with regard to the property named herein and the time for presenting such petitions has expired.

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that all possessory rights, ownership rights, and all rights, titles, and interests in the property hereinafter described are condemned, forfeited, and vested in the United States pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B); Fed. R. Crim. P. 32.2(c)(2); 18 U.S.C. § 2253(a)(1) and 2253(a)(3); and 21 U.S.C. § 853(n)(7) and shall be disposed of according to law:

1. Dell computer tower, Model No. Vostro 400, Serial No. D2CXRF1, containing a Seagate 1 TB SATA hard drive, Model No. ST1000DM003, Serial No. SlD0MRJQ;

2. Hitachi 2TB external hard drive, Model No. HT0LDNB20001BBB, Serial No. F31G2NXD;

3. Western Digital 1TB hard drive, Model No. WD10EADS, Serial No.WCAV5M930266.

4. San Disk Card Reader;

5. San Disk 16GB Compact Flash Card;

6. Panasonic Video Camera, Model No. SDR-H85P, Serial No. J01Al8002;

7. 2 micro video cassettes;

8. Proof of residence documents;

9. Compaq Presario laptop computer, Model No. CQ57, Serial No. 5CB2174R1P, containing a Seagate 320GB SATA hard drive, Model No. ST9320325AS, Serial No. 6VDFR10V;

10. Canon Mark II digital camera, Serial No. 4252102526;

11. Emachines desktop computer, Model No. EL1850, Serial No. PTNBK02012040038589600, containing a 500GB SATA hard drive, Model No. HDS721050CLA362, Serial No. HElBIMMT;

/ / /

2

12. Gateway desktop computer, Model No. DX4860-UB33P, Serial No. PTGCPP200420400EF66300, containing a Western Digital 1TB SATA hard drive, Model No. WD10EARX, Serial No.WMC0T0032462;

13. Compaq Presario desktop computer, Model No. SR5034X, Serial No. MXX71406PP, containing a Samsung 160GB SATA hard drive, Model No. HD160JJ/P, Serial No. S0DFJ1GP107611;

14. Apple iPhone 4S, Model No. A1387, Serial No. CBPH20MGDTDW, IMEI No. 99000110136386, containing a Sprint mini SIM card. No. 8901010008831126638F;

15. 100 CDs and DVDs;

16. 13 CDs and DVDs;

17. Hitachi DVD Cam, Serial No. 50320241;

18. Sony Digital Camera, Model No. MVC-FD100, Serial No. 500023containing a 3.5 inch floppy diskette with 128MB of memory;

19. Kodak digital camera, Model No. Easyshare Z710, Serial No. KCXGG64336528;

20. Kodak digital camera, Model No. Z981, Serial No. KVYMN02061276;

21. Black HP laptop model, G6-2237US, Serial No. 5CD2490UMC;

22. Toshiba Satellite C655D-S5209 laptop, Serial No. 7B231863Q;

23. Toshiba Satellite C55D-A5304 laptop, Serial No. YD280824Q;

24. Black Seagate Expansion Desktop Drive, P/N 1D7AP3-500, Serial No. NA4K688Y;

25. Apple iPhone in black case, model number A1332;

26. Apple iPhone without a case, model number A1387;

27. Black Samsung cellular flip phone, model SPH-M270;

28. Black digital Canon EOS camera, Serial No. 3211600699, Model DS126201;

29. Cannon Rebel XSi camera, model number DS126181, Serial No. 0670215963, containing 2 GB SD card;

30. Nikon D700 digital camera, Serial No. 3114091, containing 2 SD cards, (1) 8 GB, (1) 16 GB;

31. Apple iPhone 4, FCC ID: BCG-E2422A;

32. Apple iPhone 4S, FCC ID: BCG-E2430A;

33. A Toshiba External Drive, Serial No. 23EAPV0ZTRE8

34. HP Pavilion Computer, Serial No. 5CD249WMC;

35. Kodak 2GB SD card;

36. PNY 16GB SD card;

37. 2 SanDisk 8GB Compact Flash cards

38. SanDisk 8GB SD card; and

39. iPhone, FCC ID: BCG-E23808

(all of which constitutes property).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any and all forfeited funds, including but not limited to, currency, currency equivalents, certificates of deposit, as well as any income derived as a result of the government's management of any property forfeited herein, and the proceeds from the sale of any forfeited property shall be disposed of according to law.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Clerk send copies of this Order to all counsel of record.

Check the Preliminary Order of Forfeiture and the Plea Agreement for any special language or offers to make sure the documents match.

DATED: January 11, 2021.

_____
HONORABLE JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE