TRANSCRIBED FROM DIGITAL RECORDING
2:13-cr-00368-JAD-VCF-2

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

UNITED STATES OF AMERICA,      )
                               ) Case No. 2:13-cr-00368-JAD-VCF
          Plaintiff,           )
                               ) Las Vegas, Nevada
vs.                            ) September 1, 2016
                               ) Courtroom 3A
JOHN DAVID YODER (2),          )
                               )
                               ) Recording method:
          Defendant.           ) Liberty/CRD
_____) 3:29 p.m. - 3:41 p.m.
                               INITIAL APPEARANCE/ARRAIGNMENT
                               & PLEA

*C E R T I F I E D   C O P Y*

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE GEORGE W. FOLEY, JR.
UNITED STATES DISTRICT COURT MAGISTRATE JUDGE

APPEARANCES:

For the Government:  **KATHRYN NEWMAN, AUSA**
                     *UNITED STATES ATTORNEY'S OFFICE*
                     *501 Las Vegas Boulevard South, Suite 1100*
                     *Las Vegas, Nevada 89101*
                     *(702) 388-6336*

(Appearances continued on page 2.)

Recorded by:        Elvia Garcia

Transcribed by:     Amber M. McClane, RPR, CRR, CCR #914
                    United States District Court
                    333 Las Vegas Boulevard South, Room 1334
                    Las Vegas, Nevada 89101
                    (702) 384-0429 or AM@nvd.uscourts.gov

Proceedings recorded by electronic sound recording.
Transcript produced by mechanical stenography and computer.

TRANSCRIBED FROM DIGITAL RECORDING
2:13-cr-00368-JAD-VCF-2

APPEARANCES CONTINUED:

For the Defendant:

**WILLIAM H. GAMAGE, ESQ.**
*THE LAW OFFICE OF WILLIAM GAMAGE*
*7626 Hope Valley Street*
*Las Vegas, Nevada 89139*
*(907) 227-6522*

-AND-

**JOHN PATRICK DOLAN, ESQ.**
*DOLAN LAW OFFICES*
*45-290 Fargo Street*
*Indio, California 92201*
*(760) 775-3739*

Also Present:

*Emily McKillip, Pretrial Services*

*Jessie Moorehead, Pretrial Services*

* * * * *

UNITED STATES DISTRICT COURT
Amber McClane, RPR, CRR, CCR #914        *Page 2*

LAS VEGAS, NEVADA; THURSDAY, SEPTEMBER 1, 2016; 3:29 P.M.

--o0o--

P R O C E E D I N G S

**COURTROOM ADMINISTRATOR:** This is the time set in the case of 2:13-cr-368-JAD-VCF, United States of America versus David Yoder.

Counsel, please enter your appearance for the record.

**MS. NEWMAN:** Kathryn Newman for Lisa Cartier-Giroux on behalf of the United States.

**THE COURT:** Thank you.

**MR. DOLAN:** Good afternoon, Your Honor. John Patrick Dolan on behalf of Mr. Yoder requesting permission to appear *pro hac vice*.

**THE COURT:** And have you been allowed -- have you been admitted *pro hac vice* yet?

**MR. DOLAN:** I have not. We've just commenced the proceedings.

**THE COURT:** Okay. I would rather at this point, until you're actually admitted, not have you appear on behalf of the defendant. We'll have Mr. Gamage appear at this time.

**MR. DOLAN:** Very well. Thank you.

**THE COURT:** Thank you.

**MR. DOLAN:** I'll leave that there for you.

**THE COURT:** This is the time set for the initial appearance of the defendant on a superseding criminal

TRANSCRIBED FROM DIGITAL RECORDING
2:13-cr-00368-JAD-VCF-2

indictment.

Is your true name David Yoder?

**THE DEFENDANT:**  My full legal name actually commences with John, J-o-h-n, then followed by David, then Yoder. That's what appears on my birth certificate.

**THE COURT:**  All right.  Thank you.

And how old are you, Mr. Yoder?

**THE DEFENDANT:**  Forty-five years old.

**THE COURT:**  And what is your level of education?

**THE DEFENDANT:**  I have some graduate level work.  I have a bachelor of arts in Italian.

**THE COURT:**  And you read, write, and understand the English language?

**THE DEFENDANT:**  And Italian and pretty well French as well.

**THE COURT:**  Mr. Yoder, you are charged in a five-count superseding indictment that was filed in the United States District Court for the District of Nevada on February 11th, 2016.  In Count 1 of this indictment you are charged with participating in a child exploitation enterprise in violation of Title 18 of the United States Code § 2252A(g). In Count 3 you are charged with... in Count 3 you are charged with conspiracy to produce child pornography in violation of Title 18 of the United States Code § 2251(a) and 2251(e).  In Count 5 you are charged with conspiracy to distribute child

TRANSCRIBED FROM DIGITAL RECORDING
2:13-cr-00368-JAD-VCF-2

pornography in violation of Title 18 of the United States Code § 2252A(a)(3) and 2252A(b)(1).

You are also charged with respect to forfeiture allegation 1 pursuant to Title 18 of the United States Code §§ 2251(a) and (e), 2252(a)(2), and 2252(a)(4)(B), 2252A(a)(3), and 2252A(b)(1), and 2253(a)(1). You're also charged with respect to forfeiture allegation 2 pursuant to Title 18 of the United States Code § 2251(a) and (e), 2252(a)(2), 2252(a)(4)(B), 2252A(a)(3), 2252A(b)(1), and 2253(a)(2). Finally, you are also charged with respect to forfeiture allegation 3 pursuant to title -- Title 18 of the United States Code § 2251(a) and (e), 2252(a)(2), 2252(a)(4)(B), 2252A(a)(3), 2252A(b)(1), and 2253(a)(3).

Mr. Yoder, have you received a copy of the indictment?

**THE DEFENDANT:** It is in front of me.

**THE COURT:** Have you read it?

**THE DEFENDANT:** I have been over it with counsel.

**THE COURT:** Okay.

**THE DEFENDANT:** I've not read every word in it.

**THE COURT:** All right. You're advised that you're not required to make any statement about the charges contained in this indictment either here in open court or to any law enforcement officer. Anything you do say can be used against you.

TRANSCRIBED FROM DIGITAL RECORDING
2:13-cr-00368-JAD-VCF-2

In this case, you have the right to trial by jury. You have the right to subpoena witnesses to appear on your behalf at trial, and you have the right to the assistance of counsel at all stages of these proceedings.

Do you understand these rights?

THE DEFENDANT: I do, Your Honor.

THE COURT: And it's my understanding that Mr. Dolan is -- is -- is retained counsel; is that correct?

MR. GAMAGE: Yes, Your Honor. Mr. Dolan's retained counsel, and I might be retained as local counsel.

THE COURT: Okay. And you're appearing today for -- for this hearing. And I'm not going to appoint you as counsel at this point since you have -- since he has retained counsel.

Mr. Yoder, have you had an opportunity to speak with your counsel today -- and that's either Mr. Gamage or Mr. Dolan -- regarding the charges against you in this indictment?

THE DEFENDANT: I have --

THE COURT: That's all --

THE DEFENDANT: -- um, but briefly.

THE COURT: -- I'm asking you, if you had any chance to speak with them about the charges.

Do you understand the nature of the charges against you?

THE DEFENDANT: I do.

TRANSCRIBED FROM DIGITAL RECORDING
2:13-cr-00368-JAD-VCF-2

**THE COURT:** And do you understand the purpose of this hearing?

**THE DEFENDANT:** I believe this is an arraignment where I --

**THE COURT:** Yes.

**THE DEFENDANT:** -- plead, yes.

**THE COURT:** Mr. Gamage, do you have any reason to question the competence of the defendant to assist in his defense in this case?

**MR. GAMAGE:** I do not.

**THE COURT:** Do you waive a reading of the indictment?

**MR. GAMAGE:** I do.

**THE COURT:** Accordingly, Mr. Yoder, how do you plead to Counts 1, 3, and 5 of this superseding indictment, guilty or not guilty?

**THE DEFENDANT:** Not guilty, Your Honor.

**THE COURT:** Trial in this case is set for Tuesday, April 11th, 2017, at 9:00 a.m. in Courtroom 6D. Calendar call in this case is set for Monday, April 3rd, 2017, at 1:30 p.m. in Courtroom 6D.

What is the Government's position on discovery in this case?

**MS. NEWMAN:** Your Honor, the -- this is a non-complex case. It has not previously been designated as complex. The -- and it's my understanding that, as a result of the

superseding indictment, there's no additional discovery that needs to be produced.  But to the extent there is, it will be pushed out.

THE COURT:  Is there already a pretrial order in effect?

MS. NEWMAN:  There is, Your Honor.

THE COURT:  Thank you.

As to the matter of pretrial release, what is Government's position?

MS. NEWMAN:  Your Honor, the Government is seeking detention.

THE COURT:  Is the Government ready to proceed?

MS. NEWMAN:  Yes, Your Honor.

THE COURT:  And Mr. Gamage, is the defense ready to proceed?

MR. GAMAGE:  We are, Your Honor.

THE COURT:  Ms. Newman.

MS. NEWMAN:  And, Your Honor, it's my understanding that the defendant will be submitting to detention, but briefly, Your Honor, this is a case based on the charges against the defendant where -- in which there's a presumption in favor of detention.

The defendant is currently in custody, and based on the allegations contained in the indictment, his decision not to interview with Pretrial Services, the Government's position

is that there are no conditions or combination of conditions which the Court can fashion that could reasonably assure the safety of the community and the likelihood of appearance.

So for that reason, as well as quite frankly the simple fact that he's already in custody, the Government is seeking detention on this matter.

**THE COURT:**  Thank you.

Mr. Gamage.

**MR. GAMAGE:**  Judge, as he's under -- he's under a sentence out of the state of California.  He's here on a writ ad prosequendum.  We submit to detention in the federal system.

**THE COURT:**  All right.  Thank you.

Based on the nature of the charges against the defendant in the superseding indictment, there is a rebuttable presumption that he poses a substantial risk of nonappearance and a substantial risk of danger to the community.  The defendant, as noted, appears in this court on a writ of habeas corpus ad prosequendum, and also based on the advice of counsel, the defendant did not interview with Pretrial Services.  Accordingly, the Court does not have information regarding the defendant's employment history, his financial resources, information regarding his residential history or his family ties.  The Court also does not have information regarding the defendant's physical or mental health or whether

he has used illegal controlled substances or has abused alcohol.

Based on the lack of such information, the Court first finds that there's no information before the Court that would rebut either of the rebuttable presumptions. And secondly, the Court finds based on the lack of such information that there are no conditions or combination of conditions that the Court could fashion to reasonably assure the defendant's future appearance in court or to protect the community against the risk of danger posed by the defendant. And the Court, therefore, orders that he be detained pending trial.

Is there anything further as to Mr. Yoder at this time?

**MS. NEWMAN:** Yes, Your Honor. I -- it's my understanding that because there's no anti-shuttling agreement executed -- and the parties can talk about that later -- that he'll remain in federal custody. As such, Mr. Thompson, his co-defendant, is at Pahrump. And so I think it would be our request that he be housed in Henderson just in order to separate the two defendants.

**MR. GAMAGE:** I believe in regards -- it's the opposite [indiscernible] Mr. Thompson is in Henderson. I know there is some issues related to his -- it was litigated before the Court related to his housing because there was an incident

at CCA, and then there was a motion --

*(Simultaneous crosstalk.)*

**THE COURT:** I think I may have had Mr. Thompson in court on that regarding where he was housed --

*(Simultaneous crosstalk.)*

**MS. NEWMAN:** Court's indulgence. Let me --

**THE COURT:** Yeah. Yeah, check with the officer.

*(Pause in proceedings.)*

**MS. NEWMAN:** So it's our understanding that Mr. Thompson has moved -- been moved back to Pahrump. And so, for that reason, we'd like to keep Mr. Yoder in Henderson where I believe he's currently housed. Is that --

**MR. GAMAGE:** No.

**MS. NEWMAN:** Oh. It's backwards?

**MR. GAMAGE:** My client is currently housed at CCA. It's my understanding [indiscernible]. He's in an ad-seg situation. It's my understanding U.S. Marshals can accommodate, you know, co-defendants in cases, and there shouldn't be any problem. And I really prefer that the federal facility be used.

**MS. NEWMAN:** At this point, because I'm not the AUSA handling this case and I'm not familiar, I'm going to ask that if -- to the extent this is an issue that needs to be raised, I'll have the AUSAs file a motion to request an additional hearing on this issue. I'm just not familiar with it enough

to address the defendant's concerns.

**THE COURT:** Okay. [Indiscernible] do the marshals know [indiscernible] currently in administrative segregation? I'm understanding there was some form of segregation regarding defendants charged with this type of offense at the Pahrump facility. Is that -- is that correct?

**MR. GAMAGE:** Well, there's two levels to my understanding. I'm sure this marshal can --

**THE MARSHAL:** He's segregated right now. I don't know anything about him specifically. But based on the color that he's wearing, he's --

*(Simultaneous crosstalk.)*

**THE COURT:** Right. That's my understanding.

All right. Here's what I'm going to do at this point. Since he's in the Pahrump facility, there is some sort of -- can he be segregated from Mr. Thompson in that facility?

**THE MARSHAL:** [Indiscernible].

**THE COURT:** So at least for the time being I'll order that he be segregated in the Pahrump facility from the co-defendant, Mr. Thompson. If for some reason he needs to be -- if -- if the Government feels that -- believes that for security purposes he needs to be housed at a separate institution in Henderson, then that motion can be brought and the Court will deal with that motion, and I'll set it for a prompt hearing.

**MS. NEWMAN:**  Thank you, Your Honor.

**MR. GAMAGE:**  Thank you, Your Honor.

**THE COURT:**  All right.  Anything further?

**MR. GAMAGE:**  No, Your Honor.

*(Proceedings adjourned at 3:41 p.m.)*

* * *

I, AMBER M. McCLANE, court-appointed transcriber, certify that the foregoing is a correct transcript transcribed from the official electronic sound recording of the proceedings in the above-entitled matter.

/s/___*Amber M. McClane*___     6-3-2021
AMBER MCCLANE, RPR, CRR, CCR #914        Date